IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-144-D
No. 5:12-CV-495-D

| | | |
|---|---|---|
| ALBERT HENRY JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On August 7, 2012, Albert Henry Jones ("Jones") filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255 [D.E. 134]. In his section 2255 motion, Jones asks the court to vacate his sentence, to recalculate his advisory guideline range, and to resentence him. See [D.E. 134] 13. Jones asserts ineffective assistance of counsel in violation of the Sixth Amendment. Id. 4–10. On February 19, 2013, the government moved to dismiss Jones's motion [D.E. 140]. Jones responded on April 2, 2013 [D.E. 145]. As explained below, the court grants the government's motion to dismiss.

On May 5, 2010, a grand jury in the Eastern District of North Carolina indicted Jones and charged him with distributing a quantity of cocaine base and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (count two), possession of a firearm in furtherance of a drug trafficking offense and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (count three), and being a felon in possession of a firearm and aiding and abetting, in violation of 18 U.S.C. §§ 922(g)(1) and 2, (count four) [D.E. 1]. On September 20, 2010, Jones pleaded guilty, pursuant to a plea agreement, to count two of his indictment [D.E. 58–59]. On September 6, 2011, the court

sentenced Jones to 84 months' imprisonment [D.E. 98, 101]. On September 16, 2011, Jones filed a notice of appeal [D.E. 99]. On May 10, 2012, the United States Court of Appeals for the Fourth Circuit held that Jones's sentence was procedurally and substantively reasonable, and affirmed Jones's conviction and sentence. See [D.E. 131, 132].

Jones makes four arguments in support of his section 2255 motion. First, Jones contends that he received ineffective assistance of counsel when counsel failed to conduct an adequate pretrial investigation. [D.E. 134-1] 10. Second, Jones argues that he received ineffective assistance of counsel when counsel failed to call an exculpatory witness at sentencing. Id. 10–11. Third, Jones contends that he received ineffective assistance of counsel when counsel failed to argue for a lower sentence. Id. 11. Fourth, Jones argues that he received ineffective assistance of counsel when counsel failed to object to the admission of Jones's immunized statements. Id. 11–12.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678–79. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176,

2

180 (4th Cir. 2009). In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

To the extent Jones attempts to challenge the court's upward departure and sentence, Jones's motion to vacate restates arguments previously rejected on direct appeal in the guise of an ineffective assistance of counsel claim. See United States v. Jones, 473 F. App'x 236, 237 (4th Cir. 2012) (per curiam) (unpublished); cf. Brief for Defendant-Appellant at 8–14, United States v. Jones, No. 11-4930 (4th Cir. Dec. 28, 2011). Jones has not identified any change in the law that warrants reconsidering these arguments, and he is barred from relitigating these issues under the guise of a claim of ineffective assistance of counsel. See Withrow v. Williams, 507 U.S. 680, 720–21 (1993) (Scalia, J., concurring) (collecting cases); United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam).

To the extent Jones raises issues not already decided on direct appeal, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted); see Strickland v. Washington, 466 U.S. 668, 686 (1984). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient

3

performance caused the individual prejudice. See Strickland, 466 U.S. at 687; see also Missouri v. Frye, 132 S. Ct. 1399, 1409–10 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1384–85 (2012); Hill v. Lockhart, 474 U.S. 52, 57–58 (1985); Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party must also show that counsel's deficient performance prejudiced the party. Id. at 687. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

Jones has failed to plausibly allege that any alleged deficiencies in his counsel's performance prejudiced him. He has not identified any aspect of his case that his counsel overlooked that would have altered his conviction or sentence. Moreover, counsel is not required "to investigate every conceivable line of mitigating evidence." Tucker v. Ozmint, 350 F.3d 433, 440 (4th Cir. 2003) (quotation omitted). Counsel's decisions not to call an exculpatory witness, not to request a minor participant reduction, and not to make a Fair Sentencing Act argument were tactical decisions which are "virtually unchallengeable" in a claim for ineffective assistance. Powell v. Kelly, 562 F.3d 656, 670 (4th Cir. 2009) (quotation omitted). The court is not required to accept Jones's "unreasonable conclusion" regarding his attorney's allegedly deficient performance. See Giarratano, 521 F.3d at 302. Moreover, Jones's plea agreement and guilty plea barred counsel from moving at sentencing that Jones was innocent. See [D.E. 59] ¶¶ 2–3. Furthermore, Jones's statements to the government in his proffer session were consistent with his plea agreement and were not immunized. See id. ¶ 2(i)–(j). Thus, Jones has failed to demonstrate prejudice. See Strickland, 466 U.S. at 687.

4

In sum, Jones may not collaterally attack issues previously resolved on direct appeal and he fails to plausibly allege a Sixth Amendment violation for ineffective assistance of counsel. Thus, the court GRANTS the government's motion to dismiss [D.E. 140], and DISMISSES Jones's motion to vacate, set aside, or correct his sentence [D.E. 134]. An evidentiary hearing on these claims is unnecessary because the submitted materials "conclusively show that [Jones] is entitled to no relief." 28 U.S.C. § 2255(b). The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c).

SO ORDERED. This 11 day of June 2013.

JAMES C. DEVER III
Chief United States District Judge